JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Robert Pore, appeals his convictions and sentence in the common pleas court, criminal division, following a bench trial. After reviewing the record and the arguments of the parties, we affirm.
 {¶ 2} On June 15, 2004, appellant was arrested by the Cleveland Police. He was subsequently indicted by the Cuyahoga County Grand Jury on two counts of aggravated robbery, in violation of R.C. 2911.01, with one-year and three-year firearm specifications; two counts of possession of drugs, in violation of R.C. 2925.11; one count of having a firearm while under disability, in violation of R.C. 2923.13; and one count of possessing criminal tools, in violation of R.C. 2923.24.
 {¶ 3} This indictment arose from the events occurring the day of appellant's arrest, June 15, 2004. On that date, Damion Wynn, the victim, and Shantiea Campbell, the mother of Wynn's child, drove to an apartment complex on Bosworth Avenue in Cleveland to purchase marijuana. Wynn testified that he had previously purchased marijuana at this location from a man he identified as "Kevin." According to the record, once Wynn and Campbell arrived at the apartment complex, Wynn exited the car with the engine still running, and Campbell remained inside. Wynn approached appellant and asked him if he knew "Kevin" and his whereabouts. Appellant responded by informing Wynn that he had marijuana, to which Wynn expressed no interest. Appellant brandished a gun and ordered Wynn to "drop everything you got." Wynn complied and emptied his pockets of approximately $230 to $240.
 {¶ 4} Wynn then began to back toward his car, at which point appellant discharged his weapon. Wynn ran to his vehicle, got behind the wheel, and drove off. Appellant ran into the street and fired his weapon three or four more times at the fleeing vehicle. Two of those bullets pierced and lodged themselves in Wynn's car. Later, Wynn was able to identify a .22 Luger seized from appellant's home as the weapon he had seen appellant brandishing. The police were also able to recover two .22 caliber shell casings from the road at the scene. Additional physical evidence included bullet holes in Wynn's vehicle as well as a bullet hole through a plastic bag that was located in Wynn's trunk.
 {¶ 5} On October 7, 2004, appellant executed a waiver of his speedy trial rights, and on November 22, 2004, the trial court granted his motion for new counsel. On January 3, 2005, appellant executed a waiver of his right to a jury, and bench trial commenced. Appellant was thereafter convicted of two counts of aggravated robbery with firearm specifications, one count of possession of drugs, and one count of having a firearm while under disability. On February 2, 2005, the trial court imposed a total of eight years imprisonment, including: three years on the aggravated robbery charges, with those counts merging for purposes of sentencing; three years for the firearm specifications, to run consecutive to the robbery counts; one year on the possession of drugs charge, to run concurrently with the robbery sentence; and two years on the charge of possession of a firearm while under disability, to run consecutively with the robbery.
 {¶ 6} Appellant now appeals both his convictions and sentence asserting the following four assignments of error:
 {¶ 7} "I. There was insufficient evidence to convict Mr. Pore of counts one and two.
 {¶ 8} "II. The manifest weight of the evidence is insufficient to convict Mr. Pore of counts one and two.
 {¶ 9} "III. Mr. Pore received ineffective assistance of counsel which resulted in him being convicted of a crime he did not commit.
 {¶ 10} "IV. The trial court failed to make the necessary findings on the record necessary for the imposition of the sentence."
 Sufficiency and Manifest Weight of the Evidence {¶ 11} In his first assignment of error, appellant contends the state lacked sufficient evidence for a conviction. A conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31,45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v.Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560. However, a judgment will not be reversed upon insufficient or conflicting evidence if it is supported by competent, credible evidence which goes to all the essential elements of the case.State v. Trembly (2000), 137 Ohio App.3d 134, 139, citingCohen v. Lamko (1984), 10 Ohio St.3d 167, 462 N.E.2d 407. "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. (Jackson v. Virginia [1979], 443, U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560, followed.)" State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, at paragraph 2 of the syllabus. See, also,State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541.
 {¶ 12} Appellant contends that there was insufficient evidence to sustain his aggravated robbery conviction. He does not challenge either the sufficiency or the manifest weight of the evidence supporting his convictions for possession of drugs or having a firearm while under a disability.
 {¶ 13} Aggravated robbery is a violation of R.C. 2911.01, which reads in pertinent part:
 {¶ 14} "(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 15} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it;
 {¶ 16} "(2) Have a dangerous ordinance on or about the offender's person or under the offender's control;
 {¶ 17} "(3) Inflict or attempt to inflict serious physical harm to another."
 {¶ 18} The state presented ample evidence to survive a sufficiency challenge. Wynn testified to the fact that appellant brandished a gun and ordered him to "drop everything you got." Campbell corroborated Wynn's recitation of the facts by testifying that she heard words to the effect of "drop it" and also saw appellant fire his gun as Wynn was returning to his car. This testimony, viewed in a light most favorable to the prosecution, establishes every element of aggravated robbery, and a rational trier of fact could have found the appellant guilty beyond a reasonable doubt. Thus, the conviction was supported by sufficient evidence, and appellant's first assignment of error is without merit.
 {¶ 19} In his second assignment of error, appellant argues that his conviction was against the manifest weight of the evidence. Article IV, Section 3(B)(3) of the Ohio Constitution authorizes appellate courts to assess the weight of the evidence independently of the fact-finder. Thus, when a claim is assigned concerning the manifest weight of the evidence, an appellate court "has the authority and the duty to weigh the evidence and determine whether the findings of * * * the trier of fact were so against the weight of the evidence as to require a reversal and a remanding of the case for retrial." State ex rel. Squire v. Cityof Cleveland (1948), 150 Ohio St. 303, 345.
 {¶ 20} The standard employed when reviewing a claim based upon the weight of the evidence is not the same standard to be used when considering a claim based upon the sufficiency of the evidence. The United States Supreme Court recognized these distinctions in Tibbs v. Florida (1982), 457 U.S. 31, in which the court held that unlike a reversal based upon the insufficiency of the evidence, an appellate court's disagreement with the jurors' weighing of the evidence does not require special deference accorded verdicts of acquittal, i.e., invocation of the double jeopardy clause as a bar to relitigation. Id. at 43.
 {¶ 21} Upon application of the standards enunciated inTibbs, the court in State v. Martin (1983),20 Ohio App.3d 172, has set forth the proper test to be utilized when addressing the issue of manifest weight of the evidence. The Martin court stated:
 {¶ 22} "There being sufficient evidence to support the conviction as a matter of law, we next consider the claim that the judgment was against the manifest weight of the evidence. Here, the test is much broader. The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."
 {¶ 23} The weight of the evidence and the credibility of the witnesses are issues primarily for the trier of fact. State v.DeHass (1967), 10 Ohio St.2d 230. Hence, we must accord due deference to those determinations made by the trier of fact. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v.Eley (1978), 56 Ohio St.2d 169.
 {¶ 24} The state supplemented the testimony of Wynn and Campbell with that of an unbiased eye witness, Thomas Jefferies. Jefferies testified that he heard a threat made outside his window and then saw a car leaving the scene and appellant firing a gun at the fleeing vehicle. This testimony complements the testimony of Wynn and Campbell. The state also offered the testimony of Detective Baeppler, the investigating officer, as well as substantial physical evidence, including a .22 Luger found in appellant's possession that was identified by the victim, bullet holes in the victim's car, and .22 caliber shell casings at the scene. Each additional piece of evidence directly corroborates the victim's recitation of the events of June 15, 2004.
 {¶ 25} Appellant challenges the credibility of the testimony of Wynn and Campbell, stating that they are convicted felons. However, all that is presented to rebut their testimony and the other evidence is the statement made by appellant to the police. The credibility of witnesses is weighed by the finder of fact. The trial court in this case, after hearing all the testimony, found the evidence supporting the victim's recollection of events more credible. We find no indication that the trial court lost its way in making that determination. Appellant's conviction, therefore, was not against the manifest weight of the evidence, and his second assignment of error also fails.
 Ineffective Assistance of Counsel {¶ 26} In his third assignment of error, appellant contends that he was not afforded his constitutional right to effective assistance of counsel. In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Stricklandv. Washington (1984), 466 U.S. 668, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Brooks (1986), 25 Ohio St.3d 144, 495 N.E.2d 407. Even debatable tactics do not constitute ineffective assistance of trial counsel, for it is obvious that nothing is seen more clearly than with hindsight. State v. Clayton (1980),62 Ohio St.2d 45, 49, 402 N.E.2d 1189. Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's error, the result of the trial would have been different. State v. Bradley (1989),42 Ohio St.3d 136, at 141, 142.
 {¶ 27} Appellant claims his trial counsel was deficient in convincing him to waive his rights to a jury trial and to a speedy trial, as well as trial counsel's failure to subpoena certain witnesses. Each one of these assertions is without merit and clearly does not rise to the level of ineffective assistance of counsel.
 {¶ 28} Appellant's contentions that his waivers were a product of ineffective assistance of counsel inherently fail. The record clearly shows that the waivers were voluntarily, knowingly, and intelligently made. Furthermore, the decision to institute these waivers did have strategic merit to appellant's defense. While the wisdom of the strategy may be debatable, it cannot be said to be reversible prejudice. The same analysis applies to the review of trial counsel's failure to subpoena witnesses. The use of character witnesses in appellant's defense could have opened the door to appellant's criminal past; thus passing on the use of such witnesses is a viable defense strategy, and this court will not second guess it.
 {¶ 29} For these reasons, we cannot find any defects in trial counsel's representation that rise to the level of ineffective assistance of counsel. Appellant's third assignment of error therefore fails.
 Consecutive Sentences {¶ 30} We now turn to the trial court's sentencing findings. In his final assignment of error, appellant argues that the trial court failed to make the appropriate findings in imposing consecutive terms of incarceration.
 {¶ 31} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, 710 N.E.2d 783, citing Cincinnati Bar Assoc. v.Massengale (1991), 58 Ohio St.3d 121, 122, 568 N.E.2d 1222. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements, at the sentencing hearing and the presentence investigation report. R.C. 2953.08(F)(1)-(4).
 {¶ 32} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 33} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 34} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 35} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 36} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 37} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 38} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 39} "* * *
 {¶ 40} "(c) If it imposes consecutive sentence under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; * * *"
 {¶ 41} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert (1997),124 Ohio App.3d 225, 705 N.E.2d 1274. Thus, the court must make the findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms. See State v. Johnson, Cuyahoga App. Nos. 81040, 81041, 81042, 2003-Ohio-288.
 {¶ 42} The record indicates the trial judge reviewed the facts of the case, on the record, in explaining the imposition of consecutive sentences. In doing so, the trial court made the following findings in open court:
 {¶ 43} "The Court finds that [this sentence] is necessary to protect the public and punish the offender, and is not disproportionate with the danger and conduct posed, and the offender's history shows consecutive terms are needed to protect the public, and that the harm is so great or unusual that a single term would not adequately reflect the seriousness of the conduct.
 {¶ 44} "Now, here, but for the grace of God, that the aim of the defendant was low, that it hit more structural parts of the automobile instead of penetrating the automobile and hitting one of the two people in the car, and that he had, you know, discharged several shots at the car.
 {¶ 45} "Again, defendant's history also indicates that he's, in the past had — carried concealed weapons, and he received a prison term on that, concurrent with other sentences, that the testimony indicated that he was in an intoxicated state, whether by drugs or whatever, and you know, was carrying a weapon, that he used that weapon in perpetration of this crime, that his history, dating back to 1992, is very substantial, he has not had a period of time throughout that whole course, except when he's briefly been in prison, where he hasn't continued to commit offenses. I mean, every year since 1990, there have been offenses, just about, going all the way back.
 {¶ 46} "He also has a problem with, you know, alcohol problems. You know, he's had misdemeanor counts of being intoxicated in 2000, 2001, 1999, which all indicate that, you know, he's got a substance abuse problem, that he continues his criminal conduct, its endangering the public. I don't believe that this is a disproportionate sentence from other sentences that this Court has handed down in similar circumstances." (Tr. pp. 287-288.)
 {¶ 47} The Senate Bill 2 sentencing guidelines do not "require talismanic words from the sentencing court" when a court imposes a sentence, but it must be clear from the record that the trial court engaged in the appropriate analysis. State v.Murrin, Cuyahoga App. No. 83714, 2004-Ohio-3962, citing Statev. Fincher (Oct. 14, 1997), Franklin App. No. 97APA03-352, appeal dismissed (1998), 81 Ohio St.3d 1443, 690 N.E.2d 15; see, also, State v. Johnson (Sept. 7, 2000), Cuyahoga App. No. 76865; State v. Stribling (Dec. 10, 1998), Cuyahoga App. No. 74715.
 {¶ 48} We are convinced that the trial court undertook the appropriate analysis for imposing consecutive sentences. The trial judge reviewed the appellant's criminal history and the nature of his current offenses and found that consecutive terms of incarceration were necessary to punish the appellant. The trial court clearly stated its reasons for making these findings in open court. Thus, appellant's final assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and George, J., concur.*
* Sitting by Assignment: Judge Joyce J. George, Retired, of the Ninth District Court of Appeals.