OPINION
{¶ 1} The defendant-appellant, Nicholas J. Schweitzer ("Schweitzer"), appeals the June 1, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas, Auglaize County, Ohio, resentencing him to a term of fifteen years in prison.
 {¶ 2} On May 11, 2004, Schweitzer's ex-girlfriend, Cortney Cox ("Cox"), was talking to her boyfriend, Sean Bowsher ("Bowsher"), in the driveway of her home when they observed Nicholas drive up. Cox was frightened by Schweitzer's arrival, and she yelled for Bowsher to come inside the residence with her and away from Schweitzer. As Cox and Bowsher ran inside, Schweitzer exited his car and ran after them carrying a 10-inch buck knife. Schweitzer forced his way into the home by breaking the window on the door from the garage into the house. While Cox called 911, Bowsher struggled with Schweitzer. He attempted to keep Schweitzer away from Cox and to force Schweitzer back outside. During the struggle, Schweitzer stabbed Bowsher in the back piercing his lung. Auglaize County Sheriff deputies arrived shortly thereafter and placed Schweitzer under arrest.
 {¶ 3} On May 20, 2004, Schweitzer was indicted by the Auglaize County Grand Jury on one count of aggravated burglary, a violation of R.C. 2911.11(A)(1), a felony of the first degree; one count of felonious assault, a violation of R.C.2903.11(A)(2), a felony of the second degree; two counts of attempted murder, violations of R.C. 2923.02(A) and 2903.02(A), felonies of the first degree; and one count of possession of criminal tools, a violation of R.C. 2923.24(A), a felony of the fifth degree. On May 26, 2004, Schweitzer was arraigned and motions claiming Schweitzer was incompetent to stand trial and a plea of not guilty by reason of insanity were filed. On July 2, 2004, the competency motion was withdrawn. On September 17, 2004, the not guilty by reason of insanity plea was withdrawn. On October 13, 2004, Schweitzer pled guilty to one count of aggravated burglary, one count of felonious assault and one count of possession of criminal tools with the other counts being dismissed.
 {¶ 4} On December 10, 2004, a sentencing hearing was held. The trial court sentenced Schweitzer to eight years in prison on the aggravated burglary count, seven years in prison on the felonious assault count, and eleven months in prison on the possession of criminal tools count. The trial court ordered that the first two counts run consecutively and the last count run concurrently for a total prison term of fifteen years. On January 10, 2005, Schweitzer filed his notice of appeal with this Court in State v. Schweitzer, Auglaize App. No. 2-05-03,2005-Ohio-5611. This Court affirmed the trial court's judgment in sentencing Schweitzer to a fifteen year prison term.
 {¶ 5} Schweitzer then filed an appeal with the Supreme Court of Ohio concerning his case. On May 18, 2006, the Supreme Court of Ohio accepted his appeal and filed a judgment entry reversing the judgment of this Court and remanding the case to the trial court for resentencing consistent with State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 6} On June 1, 2006, the trial court resentenced Schweitzer to the same fifteen year sentence he had received on December 10, 2004. On June 28, 2006, Schweitzer filed a notice of appeal raising the following assignments of error:
 Assignment of Error 1 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHT TO TRIALBY JURY BY SENTENCING APPELLANT TO A TERM OF INCARCERATION WHICHEXCEEDED THE STATUTORY MAXIMUM MANDATED BY THE SIXTH ANDFOURTEENTH AMENDMENTS. THE DECISION RENDERED BY THE SUPREME COURTOF OHIO IN State v. Foster (2006) 109 Ohio St.3d 1, WHICHPURPORTS TO AUTHORIZE SENTENCES IN EXCESS OF THE STATUTORYMAXIMUM, IS INCOMPATIBLE WITH THE CONTROLLING PRECEDENT OF THEUNITED STATES SUPREME COURT AND MUST BE REJECTED.
 Assignment of Error 2 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDERTHE EX POST FACTO CLAUSE OF THE FEDERAL CONSTITUTION BYSENTENCING APPELLANT TO A TERM OF INCARCERATION WHICH EXCEEDEDTHE MAXIMUM PENALTY AVAILABLE UNDER THE STATUTORY FRAMEWORK ATTHE TIME OF THE OFFENSE.
 Assignment of Error 3 THE COURT OF COMMON PLEAS VIOLATED APPELLANT'S RIGHTS UNDERTHE FOURTEENTH AMENDMENT TO THE FEDERAL CONSTITUTION BYSENTENCING APPELLANT PURSUANT TO THE DECISION RENDERED BY THESUPREME COURT OF OHIO IN State v. Foster (2006), 109 OhioST.3d 1, BECAUSE THE HOLDING OF Foster IS INVALID UNDERRogers v. Tennessee (2001), 532 U.S. 451.
 Assignment of Error 4 THE RULE OF LENITY REQUIRES THE IMPOSITION OF MINIMUM ANDCONCURRENT SENTENCES, AND THE RULING OF THE COURT OF COMMON PLEASTO THE CONTRARY MUST BE REVERSED.
 Assignment of Error 5 THE SENTENCE IMPOSED UPON DEFENDANT SCHWEITZER WAS AN ABUSE OFDISCRETION.
 {¶ 7} Schweitzer's first assignment of error poses an issue concerning his felony sentencing. He alleges that the trial court violated his right to a jury trial by sentencing him to a term exceeding the statutory maximum mandated by the Sixth andFourteenth Amendments. Furthermore, he argues that the decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-256, is incompatible with the controlling precedent of the United States Supreme Court and must be rejected.
 {¶ 8} The Supreme Court of Ohio recently addressed constitutional issues concerning felony sentencing in Foster,
supra. In Foster, the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework are unconstitutional and void, including R.C. 2929.14(B) requiring judicial findings that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crimes by the offender. Foster, 2006-Ohio-856, at ¶ 97, 103. Regarding new sentences and resentences the Supreme Court of Ohio stated, "we have concluded that trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100.
 {¶ 9} As this Court is required to follow precedent, as set forth by the Supreme Court of Ohio and the United States Supreme Court, we find no error in the trial court's decision to sentence Schweitzer to the same fifteen year prison term as it had sentenced him to on December 10, 2004. Schweitzer pled guilty to a first degree felony, a second degree felony, and a fifth degree felony.
 {¶ 10} Pursuant to R.C. 2929.14(A),[t]he court shall impose a definite prison term that shall beone of the following:
 (1) For a felony of the first degree, the prison term shall bethree, four, five, six, seven, eight, nine, or ten years.
 (2) For a felony of the second degree, the prison term shallbe two, three, four, five, six, seven, or eight years.
* * *
(5) For a felony of the fifth degree, the prison term shall besix, seven, eight, nine, ten, eleven, or twelve months.
Schweitzer could have been sentenced to as little as three years or as much as nineteen years for the counts that he pled guilty to. In this case, Schweitzer was sentenced on December 20, 2004 to a prison term of fifteen years and on June 1, 2006, he was resentenced by the trial court to the same term. Therefore, pursuant to the ruling in Foster, Schweitzer's first assignment of error is overruled.
 {¶ 11} Schweitzer asserts in his second and third assignments of error that the application of Foster to his case and sentence violates the ex post facto clause of the United States Constitution. He argues that his due process rights are violated because the effect of Foster is to create an ex post facto law. He contends that Foster applies retroactively and increases the penalty for offenses committed prior to the court's decision. In his second assignment of error, he alleges that the announcement of Foster is incompatible with the controlling precedent of the United States Supreme Court and must be rejected. In his third assignment of error, he claims that the decision rendered inFoster is invalid under Rogers v. Tennessee (2001),532 U.S. 451, 121 S.Ct. 1693, 149 L.Ed.2d 697.
 {¶ 12} However, for the reasons articulated in State v.McGhee, 3rd Dist. No. 17-06-05, 2006-Ohio-5162, we find no merit in Schweitzer's arguments that his sentence violates his due process rights. Schweitzer entered a plea of guilty on October 13, 2004. He was sentenced to a fifteen year prison term on December 10, 2004. He filed a notice of appeal with this Court which we affirmed the trial court's judgment. Schweitzer then filed an appeal with the Supreme Court of Ohio. The Supreme Court of Ohio announced its decision in Foster on February 27, 2006. On May 18, 2006, the Supreme Court of Ohio reversed the judgment of this Court in this case and remanded the case to the trial court for resentencing.
 {¶ 13} On June 1, 2006, the trial court resentenced Schweitzer to fifteen years in prison. We note, as to this case, that the offense occurred subsequent to the United States Supreme Court's holding in Apprendi v. New Jersey (2000), 530 U.S. 466,490, 120 S.Ct. 2348, 147 L.Ed.2d 435, which provided notice that a major shift in sentencing was likely to occur and supports our conclusion in McGhee that the remedy announced in Foster does not violate due process. Likewise, the sentencing range for his felonies has remained unchanged, so Schweitzer had notice of the potential sentence for his offenses. Therefore, we find Schweitzer's second and third assignments of error are without merit.
 {¶ 14} Schweitzer argues in his fourth assignment of error that the "rule of lenity" requires that a defendant receive minimum and concurrent sentences. He argues that legislatures and not the courts are to define the criminal activity and the punishments therefore because of the seriousness of criminal penalties and how criminal punishment usually represents the moral condemnation of the community.
 {¶ 15} The "rule of lenity" was originally a common law rule of statutory construction that was codified in R.C. 2901.04(A), which provides:
Except as otherwise provided in division (C) or (D) of thissection, sections of the Revised Code defining offenses orpenalties shall be strictly construed against the state, andliberally construed in favor of the accused.
 {¶ 16} While courts are required to strictly construe statutes defining criminal penalties against the state, the rule of lenity applies only where there is ambiguity in a statute or conflict between multiple states. United States v. Johnson
(2000), 529 U.S. 53, 59, 120 S.Ct. 1114, 146 L.Ed.2d 39; UnitedStates v. Lanier (1997), 520 U.S. 259, 266, 117 S.Ct. 1219,137 L.Ed.2d 432; State v. Arnold (1991), 61 Ohio St.3d 175, 178,573 N.E.2d 1079. There exists no ambiguity in the sentencing statutes in Ohio because the Supreme Court of Ohio held that portions of Ohio's felony sentencing framework was unconstitutional and void in State v. Foster, supra. Therefore, the rule of lenity has no bearing on the present case becauseFoster can be easily understood to state that portions of the sentencing framework are unconstitutional and provides no ambiguity as to the unconstitutionality of certain statutes. Accordingly, Schweitzer's fourth assignment of error is overruled.
 {¶ 17} In his fifth assignment of error, Schweitzer contends that the sentence imposed upon him was an abuse of discretion. Specifically, he alleges that the trial court clearly abused its discretion by imposing a fifteen year prison term and reversal is required.
 {¶ 18} Pursuant to Foster, "trial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences." Foster, 2006-Ohio-856, at ¶ 100. In addition, the Supreme Court of Ohio stated in Foster, "[o]ur remedy does not rewrite the statutes but leaves courts with full discretion to impose a prison term within the basic ranges of R.C. 2929.14(A) based upon a jury verdict or admission of the defendant without the mandated judicial findings that Blakely prohibits." Id. at ¶ 102. "Courts shall consider those portions of the sentencing code that are unaffected by today's decision and impose any sentence within the appropriate felony range. If an offender is sentenced to multiple prison terms, the court is not barred from requiring those terms to be served consecutively. While the defendants may argue for reductions in their sentences, nothing prevents the state from seeking greater penalties." Id. at ¶ 105.
 {¶ 19} Therefore, Foster altered the appellate court's standard of review for sentencing appeals from clear and convincing to abuse of discretion. Foster, 2006-Ohio-856, at ¶ 100 and 102. Accordingly, an appellate court reviews felony sentencing cases under the abuse of discretion standard of review. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.
 {¶ 20} Upon review of the record, we cannot say that the trial court abused its discretion in sentencing Schweitzer to fifteen years in prison. As stated previously, he could have been sentenced to as little as three years or as much as nineteen years for the three counts that he pled guilty to. Therefore, it is clear that his sentence fell within the statutory range.
 {¶ 21} Furthermore, the record reflects that the trial court considered the record, oral statements, any Victim Impact Statement, and Pre-Sentence Report prepared, as well as the principles and purposes of sentencing under R.C. 2929.11 and has balanced the seriousness and recidivism factors under R.C.2929.12. Moreover, during the sentencing hearing the trial court stated:
that the overriding purposes of felony sentencing are toprotect the public from future crime by the offender and othersand to punish the offender; considering the need forincapacitating the offender; deterring the offender and othersfrom future crime; rehabilitating the offender and makingrestitution to the victim of the offense, the public or both andrecognizing that on those charges that you have plead guilty to,the Court could have gone up to nineteen (19) years; that afifteen (15) year sentence, I believe is appropriate and, indeed,necessary.
June 1, 2006, Sent. Hearing p. 52.
 {¶ 22} Based on the sentencing hearing and the subsequent judgment entry, this Court cannot find that the trial court acted unreasonably, arbitrarily, or unconscionably in its sentencing Schweitzer. As previously discussed, Schweitzer's sentence was within the statutory range for the counts he pled guilty to. Therefore, Schweitzer's fifth assignment of error is overruled.
 {¶ 23} Accordingly, Schweitzer's assignments of error are overruled and the June 1, 2006 Judgment of conviction and sentence entered in the Court of Common Pleas, Auglaize County, Ohio, resentencing him to a term of fifteen years in prison is affirmed.
Judgment affirmed.
 Rogers and WALTERS, JJ., concur.
 (Walters, J., sitting by assignment in the Third AppellateDistrict.)