OPINION
{¶ 1} Defendant-appellant, Robert Payne, appeals the sentencing decision of the Butler County Court of Common Pleas.
 {¶ 2} In January 2006, appellant pled guilty to two fourth-degree felony counts of non-support of dependents in two separate cases. At the beginning of the sentencing hearing, appellant's attorney asked for a one-week continuance to allow appellant's mother to be present and speak on appellant's behalf. The trial court denied the request. After hearing from appellant's attorney, appellant, and J.R. (the mother and custodial parent of two of *Page 2 
appellant's children), the trial court sentenced appellant to two consecutive 17-month prison terms. This appeal follows.
 {¶ 3} In a single assignment of error, appellant argues that the trial court abused its discretion by refusing to continue the sentencing hearing to allow his mother to speak on his behalf and "present relevant mitigation evidence."
 {¶ 4} The decision to grant or deny a motion for continuance is a matter within the sound discretion of the trial court. State v.Unger (1981), 67 Ohio St.2d 65, 67. Absent an abuse of discretion, a reviewing court will not disturb a trial court's decision denying a motion for a continuance. State v. Grant, 67 Ohio St.3d 465, 479,1993-Ohio-171. An abuse of discretion is more than an error of law or judgment; rather, it requires a finding that the trial court's decision is unreasonable, arbitrary, or unconscionable. See State v.Hancock, 108 Ohio St.3d 57, 2006-Ohio-106. The reviewing court must weigh the potential prejudice to the defendant against the trial court's "right to control its own docket and the public's interest in the prompt and efficient dispatch of justice." State v. Powell (1990),49 Ohio St.3d 255, 259.
 {¶ 5} Appellant cites R.C. 2929.19(A)(1) and Crim.R. 32(A)(1) in support of his argument. R.C. 2929.19(A)(1) provides that at the sentencing hearing, "the offender, the prosecuting attorney, the victim * * *, and, with the approval of the court, any other person may present information relevant to the imposition of sentence in the case." (Emphasis added.) There is "no requirement [in R.C. 2929.19(A)(1)] that the trial court must allow other persons with an interest in a defendant's sentencing to make a statement." State v. Schweitzer, Auglaize App. No. 2-05-03, 2005-Ohio-5611, ¶ 39. Crim.R. 32(A) (1 ) provides that at the time of imposing sentence, a trial court must "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he * * * wishes to make a statement in his * * * behalf or present any information in mitigation of punishment." *Page 3 
 {¶ 6} The record shows that following appellant's guilty plea, the trial court originally tried to set the sentencing hearing for February 21, 2006. However, at the request of appellant's attorney, the trial court set the hearing for February 28. On that day, appellant's attorney was there. However, neither appellant nor his mother were there. The sentencing hearing was rescheduled for April 4.
 {¶ 7} As noted above, at the beginning of the April 4 sentencing hearing, appellant's attorney asked for a one-week continuance to allow appellant's mother to be present and speak on appellant's behalf. While originally inclined to grant the request, the trial court denied the request upon realizing that J.R. was present, had already been waiting over three hours, and was "on the clock." The trial court denied the request of appellant's attorney to hear J.R.'s statements but continue the hearing another week to allow appellant's mother to be present and speak on his behalf. The trial court, however, gave appellant's attorney the opportunity to proffer what appellant's mother would say. The attorney replied, "I can't speak to what his mother was going to state." The trial court then heard statements from appellant, his attorney, and J.R.
 {¶ 8} The foregoing clearly shows that the trial court complied with Crim.R. 32(A) (1 ). Appellant and his attorney were both afforded the opportunity to address the court at the sentencing hearing and both did, in fact, make statements to the court. Appellant's attorney was given the opportunity to proffer what appellant's mother would have said, but did not take this opportunity. In light of all of the foregoing, there is simply no way that the trial court abused its discretion by refusing to continue the sentencing hearing and further delay appellant's sentencing under these circumstances. The sole assignment of error is overruled.
 {¶ 9} Judgment affirmed.
 BRESSLER and WALSH, JJ., concur. *Page 1