OPINION
{¶ 1} This appeal arises from the Ashtabula County Court of Common Pleas, wherein appellant, Robert J. Leonard ("Leonard"), pled guilty to one count of aggravated vehicular assault, a felony in the third degree, and was sentenced to five years imprisonment and a five-year suspension of his Ohio driver's license.
 {¶ 2} On December 5, 2000, Leonard was driving westbound on Route 20 in Geneva Township, Ohio, while the victim, Andrew Chaffee, was driving eastbound. Leonard crossed the centerline and hit Chaffee's vehicle head on. Both suffered serious injuries. Chaffee sustained permanent, disabling injuries to his foot. Leonard lapsed into an eleven-week coma following the accident and also sustained a serious injury to his leg. According to evidence in the record, Leonard's blood alcohol content taken at the hospital shortly after the accident was .28.
 {¶ 3} On November 9, 2001, Leonard was indicted on two counts of aggravated vehicular assault, felonies in the third degree, and one count of aggravated vehicular assault, a felony in the fourth degree. Leonard initially entered a plea of not guilty but subsequently withdrew that plea and entered a written plea of guilty to one count of aggravated vehicular assault, a felony in the third degree, on June 7, 2002. The matter came before the trial court for sentencing on July 26, 2002. The trial court sentenced Leonard to a definite term of five years imprisonment as well as a five-year suspension of his Ohio driver's license. He was also ordered to pay restitution and court costs.
 {¶ 4} Leonard subsequently filed this timely appeal, citing four assignments of error. The first assignment of error is:
 {¶ 5} "The trial court abused its discretion by imposing an excessive sentence on appellant."
 {¶ 6} In his first assignment of error, Leonard argues that the trial court erred in imposing an "excessive" sentence when he did not commit the worst form of the offense.
 {¶ 7} A reviewing court will not reverse a sentence imposed by the trial court unless appellant demonstrates that the trial court was statutorily incorrect or it abused its discretion by failing to consider the statutory factors.[1] Abuse of discretion is more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable.[2]
 {¶ 8} Leonard pled guilty to a third degree felony, which carries a mandatory prison term of one, two, three, four, or five years.[3]
Pursuant to R.C. 2929.14(B), the trial court shall impose the shortest prison term authorized for the offense unless particular conditions cited in the statute apply, including the shortest term will demean the seriousness of the offender's conduct or it will not adequately protect the public from future crime.[4] The trial court may impose the longest prison term authorized for the offense only on offenders who have committed the "worst forms of the offense" and offenders who pose the "greatest likelihood of committing future crimes."[5] If the trial court imposes the maximum sentence, it must give reasons in support of such.[6]
 {¶ 9} In the instant case, Leonard contends that the trial court erred in imposing the maximum sentence because the facts "could have been much worse." Specifically, Leonard contends that the victim was not killed and did not sustain any life-threatening injuries, Leonard did sustain serious injuries, he was not belligerent and cooperated fully with the investigation, and had not had any prior alcohol-related accidents.
 {¶ 10} A review of the record in the instant case reveals the following statements made by the trial court at the sentencing hearing before sentence was imposed:
 {¶ 11} "The State has requested that I impose the maximum sentence in this case, and frankly, it is hard to find reasons why not. There's no question about the seriousness of the impact and the injury on this victim.
 {¶ 12} "I know you have suffered physical injuries yourself but you were the person that had it within your control to prevent this all from happening.
 {¶ 13} "The criminal record here indicates that you have had two prior DUI offenses. One in 1995 and one in 1997. It seems that that should have been a real wake-up call to you that you have a problem with drinking and that it is something that you are putting the entire community at risk when you decide to go ahead and drive after you have already had the opportunity for the system to notify you of the fact that you do have a drinking problem.
 {¶ 14} "The record indicates in this case, I think, something like a point 28 blood alcohol content on the date of this offense, so I think that is an additional aggravating factor and I do believe that in this — an offense of this nature, that what occurred here in this case could be categorized as one of the worst forms of the offense.
 {¶ 15} "I think it would demean the seriousness of this offense taking into consideration all of the surrounding factors to impose anything less than the maximum sentence and in order to protect the public from the likelihood that you may drive drunk again, at least for the period of time that is within my control."
 {¶ 16} It is clear from the transcript that the trial court considered the extent of both the victim and Leonard's injuries, as well as Leonard's history of two prior DUI convictions and Leonard's blood alcohol content for the instant offense prior to imposing sentence. Only after the trial court took those factors into consideration did it find that it would demean the seriousness of the offense, and fail to adequately protect the public, to impose the shortest sentence. Moreover, the trial court concluded that, because Leonard's blood alcohol content was nearly three times the legal limit and he had two prior offenses, it was the worst form of the offense, justifying the mandatory sentence. Thus, the trial court followed the statutory guidelines and properly considered all relevant factors before imposing the maximum sentence.
 {¶ 17} Leonard also vaguely refers to two other cases issued by the Ashtabula County Court of Common Pleas, asserting that the facts were more serious and yet the sentence more lenient in both cases and, thus, the trial court here was precluded from issuing the maximum sentence. We disagree. The Supreme Court of Ohio has held that "`disparity of sentence does not justify reversal when the sentence is neither illegal nor an abuse of discretion.'"[7] Thus, disparate sentences, particularly in unrelated cases, is not dispositive of an abuse of discretion by the trial court. Where, as here, the trial court adhered to the statutory guidelines, considered the relevant factors enumerated in R.C. 2929.14, and did not abuse its discretion, we will not reverse a sentence based on alleged disparity in sentencing for other cases dealing with offenses not related to the instant offense.
 {¶ 18} Leonard's first assignment of error is without merit.
 {¶ 19} The second assignment of error is:
 {¶ 20} "The trial court abused its discretion by failing to take into consideration appellant's injuries and placed too much reliance upon the victim's unsupported statements."
 {¶ 21} In his second assignment of error, Leonard reiterates that the trial court erred in imposing the maximum sentence without taking into consideration the extent of his injuries and by placing too much emphasis on the victim's testimony at the sentencing hearing.
 {¶ 22} As quoted above in the excerpt from the sentencing hearing transcript, the trial court noted that Leonard suffered serious injuries but also concluded that those injuries were self-inflicted and, therefore, had little mitigating effect. Leonard also contends that the trial court "afforded too much weight to the victim's testimony without exhibits supporting his allegations." The Ohio Rules of Evidence do not apply to sentencing hearings.[8] Thus, regarding victim impact statements, it is not necessary for the victim to present evidentiary material in support of his statement. The purpose of the victim impact statement is to apprise the trial court of the "economic loss suffered by the victim * * * [and] identify any physical injury[,] * * * any change in the victim's personal welfare or familial relationship[,] * * * and any psychological impact experienced by the victim or the victim's family as a result of the offense * * *."[9] The victim impact statement can be considered by the trial court prior to imposing sentence on the defendant.[10]
 {¶ 23} In the case sub judice, the victim, twenty-four-year-old Andrew Chaffee, made a statement describing the nature and extent of his physical injury, noting that his foot will be permanently deformed and potentially arthritic. He stated that he cannot wear regular shoes and will always walk with a limp. He described the amount of time his parents had spent caring for him and the toll it had exacted on their lives. He also noted his economic loss, in that he had to forego his career as a chef because of the inability to stand for prolonged periods of time. Chaffee's entire statement adhered to the statutory pronouncement regarding the content of victim impact statements.
 {¶ 24} Prior to sentencing, the court noted that it relied upon the effects Leonard's actions had upon Chaffee, along with the other statutory guidelines, as noted supra. Thus, we find that the trial court did not err in imposing the maximum sentence and considering the victim impact statement prior to sentencing.
 {¶ 25} Leonard's second assignment of error is without merit.
 {¶ 26} The third assignment of error is:
 {¶ 27} "The trial court abused its discretion by failing to adequately set forth its reasons for imposing an excessive sentence."
 {¶ 28} Leonard's third assignment of error mimics his argument in the first assignment of error. As we have determined in our analysis of the first assignment of error that the trial court did not abuse its discretion and it properly applied the statutory sentencing guidelines, we conclude that the trial court adequately set forth its reasons for imposing the maximum sentence.
 {¶ 29} Leonard's third assignment of error is without merit.
 {¶ 30} The fourth assignment of error is:
 {¶ 31} "Appellant was denied effective assistance of counsel at the sentencing hearing."
 {¶ 32} In his fourth assignment of error, Leonard contends that he was denied effective assistance of counsel when counsel failed to "procure or introduce any evidence or testimony relating to Appellant's support, treatment, injuries and standing in the community."
 {¶ 33} A criminal defendant is guaranteed effective assistance of counsel pursuant to the Ohio and United States Constitutions. It is presumed that a properly licensed attorney in the state of Ohio has rendered effective assistance to a criminal defendant.[11] In order to demonstrate ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in Strickland v. Washington.[12] First, pursuant to Strickland, the defendant must show that counsel's performance was deficient in that the representation fell below the objective standard of reasonableness.[13] Second, the defendant must show that counsel's deficient performance prejudiced the defendant, meaning that, but for counsel's errors, the outcome of the proceeding would have been different.[14] This court has adopted the Strickland standard for ineffective assistance of counsel.[15]
 {¶ 34} There is a strong presumption that counsel's conduct falls within the range of reasonable professional conduct and was "sound trial strategy."[16] In this case, a review of the hearing transcript reveals that Leonard's counsel specifically informed the court of the depth and severity of appellant's injuries and indicated that appellant had expressed remorse for his actions. There is no indication that counsel attempted to procure letters or testimony from family and friends regarding Leonard's character, but the lack of such is not, in itself, evidence of a failure to provide effective assistance. Moreover, Leonard was afforded an opportunity to make a statement prior to sentencing on his own behalf but refused. Thus, the record is clear that counsel provided the court with mitigating facts on Leonard's behalf prior to sentencing. Leonard has failed to satisfy either prong of the Strickland
test for ineffective assistance of counsel, as adopted by this court.
 {¶ 35} Leonard's fourth assignment of error is without merit.
 {¶ 36} Based on the foregoing, Leonard's assignments of error are without merit, and the judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and DIANE V. GRENDELL, J., concur.
[1] (Citation omitted.) State v. Rupert, 11th Dist. No. 2001-L-169, 2002-Ohio-7268, at ¶ 5.
[2] State v. Adams (1980), 62 Ohio St.2d 151, 157.
[3] R.C. 2929.14(A)(3).
[4] R.C. 2929.14(B)(2).
[5] R.C. 2929.14(C).
[6] State v. Edmonson (1999), 86 Ohio St.3d 324, 328.
[7] State v. Issa (2001), 93 Ohio St.3d 49, 72, quoting State v.Jamison (1990), 49 Ohio St.3d 182, 191.
[8] Evid.R. 101(C)(3).
[9] R.C. 2947.051(B).
[10] State v. Fautenberry (1995), 72 Ohio St.3d 435, 440.
[11] State v. Hurd, 11th Dist. No. 2001-T-0086, 2002-Ohio-7163, at ¶ 32.
[12] Strickland v. Washington (1984), 466 U.S. 668.
[13] Id.
[14] Id.
[15] State v. Beesler, 11th Dist. No. 2002-A-0001, 2003-Ohio-2815, at ¶ 9.
[16] Strickland, at 689.