OPINION
{¶ 1} Appellant, James Cross, appeals from the judgment of the Lake County Court of Common Pleas, entered on a jury verdict, which convicted appellant of two counts of aggravated vehicular assault, R.C. 2903.08(A)(1); two counts of vehicular assault, R.C. 2903.08(A)(2); and one count of driving under the influence, R.C. 4511.19. Appellant also appeals from the trial court's judgment entry of sentence. We affirm in part, reverse in part and remand.
 {¶ 2} On the evening of May 16, 2003, appellant was driving his pick-up truck southbound on State Route 306 in Mentor. Appellant attempted to make a left turn onto Ohio Street when he struck a northbound motorcycle operated by Thomas Gordon. Gordon's son, Phillip, was a passenger on the motorcycle.
 {¶ 3} After striking the motorcycle, appellant backed his truck up and then proceeded to move forward, plowing into the motorcycle a second time, pushing it forward, and pinning Thomas Gordon beneath it. The motorcycle also trapped Phillip Gordon. Both suffered serious injuries including multiple broken bones, lacerations, and head injuries.
 {¶ 4} Appellant exited his vehicle and spoke to Thomas Gordon and several bystanders. Several witnesses stated appellant's eyes were glassy, he reeked of alcohol, and his speech was slurred.
 {¶ 5} Officer Jonathan Miller of the Mentor Police Department arrived on the scene. Officer Miller approached appellant and appellant stated "I'm the driver." Officer Miller asked appellant if he was injured and appellant said he was not. Officer Miller noted appellant's speech was labored and that appellant had a "pungent" odor of an alcoholic beverage about his person. Officer Miller asked appellant if he had been drinking and appellant said no. Officer Miller then escorted appellant to a nearby driveway to perform field sobriety tests. Officer Miller again asked appellant if he had been drinking and appellant admitted to having one beer. Officer Miller then had appellant perform three standardized field sobriety tests. Appellant failed all three. Officer Miller then arrested appellant for DUI.
 {¶ 6} Appellant was subsequently indicted on two counts of aggravated vehicular assault, two counts of vehicular assault, and one count of DUI. The matter proceeded to jury trial. The jury found appellant guilty on all counts. The trial court sentenced appellant to prison terms of five years on each of the aggravated vehicular assault counts, one year on each of the vehicular assault counts, and six months on the DUI count, with the sentences to be served concurrently. The trial court also suspended appellant's driver's license for ten years and fined appellant $1,000.
 {¶ 7} Appellant filed a timely appeal from the trial court's judgment and assigns the following errors for our review:
 {¶ 8} "[1.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT BY FAILING TO EXCLUDE EVIDENCE WHICH WAS OBTAINED WITHOUT STRICT COMPLIANCE WITH NHTSA STANDARDS ON ADMINISTERING FIELD SOBRIETY TESTS, VIOLATING DEFENDANTA-PPELLANT'S CONSTITUTIONAL RIGHTS TO FAIR TRIAL AND DUE PROCESS AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND SECTIONS 10 AND 16, ARTICLE I
OF THE OHIO CONSTITUTION."
 {¶ 9} "[2.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT OVERRULED HIS MOTION TO SUPRESS EVIDENCE OBTAINED WHEN POLICE STOPPED AND ARRESTED THE DEFENDANT-APELLANT, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS TO DUE PROCESS AND AGAINST UNREASONABLE SEARCH AND SEIZURE."
 {¶ 10} "[3.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT DENIED HIS MOTION FOR ACQUITTAL MADE PURSUANT TO CRIM. R. 29(A)."
 {¶ 11} "[4.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 12} "[5.] THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT-APPELLANT WHEN IT MADE FINDINGS IN VIOLATION OF DEFENDANT-APPELLANT'S CONSTITUTIONAL RIGHT TO A JURY TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION."
 {¶ 13} In his first assignment of error, appellant argues R.C. 4511.19(D)(4)(b) violates the separation of powers doctrine because it infringes upon the Ohio Supreme Court's exclusive authority to promulgate rules of evidence.[1] Therefore, appellant concludes R.C. 4511.19(D)(4)(b) is unconstitutional. We disagree.
 {¶ 14} We presume R.C. 4511.19(D)(4)(b) is constitutional.State v. Thompkins (1996), 75 Ohio St.3d 558, 560. Appellant bears the burden of proving the statute unconstitutional beyond a reasonable doubt. Id.
 {¶ 15} In State v. Homan (2000), 89 Ohio St.3d 421, the Ohio Supreme Court held, "[i]n order for the results of a field sobriety test to serve as evidence of probable cause to arrest, the police must have administered the test in strict compliance with standardized testing procedures." Id. at paragraph one of the syllabus. Subsequently, Ohio enacted R.C. 4511.19(D)(4)(b), which provides:
 {¶ 16} "In any criminal prosecution or juvenile court proceeding for a violation of division (A) or (B) of this section, of a municipal ordinance relating to operating a vehicle while under the influence of alcohol, a drug of abuse, or alcohol and a drug of abuse, or of a municipal ordinance relating to operating a vehicle with a prohibited concentration of alcohol in the blood, breath, or urine, if a law enforcement officer has administered a field sobriety test to the operator of the vehicle involved in the violation and if it is shown by clear and convincing evidence that the officer administered the test in substantial compliance with the testing standards for any reliable, credible, and generally accepted field sobriety tests that were in effect at the time the tests were administered, including, but not limited to, any testing standards then in effect that were set by the national highway traffic safety administration, all of the following apply:
 {¶ 17} "(i) The officer may testify concerning the results of the field sobriety test so administered.
 {¶ 18} "(ii) The prosecution may introduce the results of the field sobriety test so administered as evidence in any proceedings in the criminal prosecution or juvenile court proceeding.
 {¶ 19} "(iii) If testimony is presented or evidence is introduced under division (D)(4)(b)(i) or (ii) of this section and if the testimony or evidence is admissible under the Rules of Evidence, the court shall admit the testimony or evidence and the trier of fact shall give it whatever weight the trier of fact considers to be appropriate."
 {¶ 20} Appellant implicitly argues R.C. 4511.19(D)(4)(b) conflicts with Evid.R. 702 as it sets forth a standard for the admissibility of expert testimony.
 {¶ 21} "In order to demonstrate the legislature infringed upon the judiciary's power to enact evidentiary rules appellant must demonstrate the legislation contradicts or is an attempt to supersede an existing evidentiary rule." State v. Boczar, 11th Dist. No. 2004-A-0063, 2005-Ohio-6910, ¶ 38. When a statute does not conflict with a Rule of Evidence, a statute can control the admissibility of evidence. State v. Mapes, 6th Dist. No. F-04-031, 2005-Ohio-3359, ¶ 25. We conclude R.C. 4511.19(D)(4)(b) does not conflict with, or attempt to supersede, Evid.R. 702.
 {¶ 22} In State v. Bresson (1990), 51 Ohio St.3d 123, the Ohio Supreme Court held expert testimony was not required as a predicate to the admission of the results of a field sobriety test. Id. at 128. Thus, Evid.R. 702 does not govern the admissibility of such evidence. The legislature was free to enact R.C. 4511.19(D)(4)(b) because the Rules of Evidence do not set forth a specific standard for the admissibility of the results of field sobriety tests. Boczar, supra at ¶ 42. R.C.4511.19(D)(4)(b) simply replaced the common law standard for admissibility of the results of field sobriety tests as set forth in Homan. This action by the legislature did not violate the separation of powers doctrine. See, Boczar, Mapes, State v.Miracle, 12th Dist. No. CA2003-11-275 and CA20031-10283,2004-Ohio-7137, ¶ 28, State v. Phipps, 3rd Dist. No. 2-03-39,2004-Ohio-4400, ¶ 13. See, also, State v. Schmitt,101 Ohio St.3d 79, 2004-Ohio-37, ¶ 9, recognizing the limited applicability of Homan in light of the enactment of R.C.4511.19(D)(4)(b).
 {¶ 23} Appellant's first assignment of error is without merit.
 {¶ 24} In his second assignment of error, appellant argues that, if we concluded R.C. 4511.19(D)(4)(b) was unconstitutional, the officer's observations of appellant's glassy eyes and labored speech, and the strong odor of alcoholic beverage emanating from appellant's person, did not provide the officer with probable cause to arrest. Because we determined under appellant's first assignment of error that R.C. 4511.19(D)(4)(b) was constitutional, and thus, the results of appellant's performance on the field sobriety tests was admissible, appellant's second assignment of error lacks merit.
 {¶ 25} In his third assignment of error, appellant argues the trial court erred when it denied his motions for acquittal pursuant to Crim.R. 29. We conclude the trial court properly denied appellant's Crim.R. 29 motions.
 {¶ 26} "A sufficiency argument tests whether the state has presented evidence on each element of the offense." State v.Driesbaugh, 2002-P-0017, 2003-Ohio-3866, at ¶ 36, citing Statev. Schlee (Dec. 23, 1994), 11th Dist. No. 93-L-082, 1994 Ohio App. LEXIS 5862, at 13.
 {¶ 27} "We must determine whether, viewing the probative evidence and inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found proof of each element of the offense beyond a reasonable doubt. This presents a question of law and the court is not permitted to weigh the evidence." (Internal citations omitted.) Driesbaugh, supra, at ¶ 37.
 {¶ 28} The version of R.C. 2903.08(A) applicable to the instant case provided:
 {¶ 29} "(A) No person, while operating or participating in the operation of a motor vehicle, * * *, shall cause serious physical harm to another person * * * in either of the following ways:
 {¶ 30} "(1) As the proximate result of committing a violation of division (A) of section 4511.19 of the Revised Code or of a substantially equivalent municipal ordinance;
 {¶ 31} "(2) Recklessly."
 {¶ 32} A violation of R.C. 2903.08(A)(1) constituted aggravated vehicular assault while a violation of R.C.2903.08(A)(2) constituted vehicular assault.
 {¶ 33} Appellant first argues the state failed to present sufficient evidence to establish he caused the accident, let alone acted recklessly. R.C. 2901.22(C) states:
 {¶ 34} "A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 35} The state presented the testimony of several witnesses who did not actually see the accident but heard the sounds of the collision. One of these witnesses, John Nowlen, had just proceeded through the intersection traveling southbound on State Route 306 (the same direction of travel as appellant.) Nowlen testified he noticed appellant's truck stopped in the southbound turn lane. Nowlen testified he proceeded through a green light at the intersection, and had traveled approximately one hundred feet when he heard the crash.
 {¶ 36} The state also presented the testimony of Allen Pennington, a civil engineer for traffic for the City of Mentor. Pennington testified to the signal patterns for the traffic lights at the intersection of State Route 306 and Ohio Street. Pennington testified that the signals for State Route 306 stay yellow for 3.8 seconds; there is then an all red (both State Route 306 and Ohio Street have red lights) for 1.2 seconds. The Ohio Street light then turns green.
 {¶ 37} The state presented the testimony of Jamie Higgens. Higgens was a passenger in a car stopped on Ohio Street at the intersection of State Route 306. Higgens testified the State Route 306 traffic light was yellow when appellant started to make his turn and struck Gordon's motorcycle.
 {¶ 38} In support of his argument, appellant points to a statement made by Higgins that the Ohio Street light turned green a "split second" after the collision. Appellant argues this shows Gordon ran a red light because all traffic would have had a red light for 1.2 seconds after the yellow. However, Higgins testified she was not using the term "split second" in a literal sense but figuratively. She testified she clearly saw the State Route 306 light was yellow at the time of the collision.
 {¶ 39} This evidence, viewed in the light most favorable to the state, establishes appellant turned left into Gordon when Gordon had the right-of-way. Thus, the state presented sufficient evidence to survive a motion for acquittal on the vehicular assault charge.
 {¶ 40} With respect to the aggravated vehicular assault charge, appellant argues the evidence established he was not at fault for the first collision, and although the state presented evidence he caused a second collision, the state failed to establish the victims' injuries resulted from the second collision. We disagree.
 {¶ 41} The state presented sufficient evidence to establish appellant was at fault for both collisions. The state also presented evidence the victims each suffered multiple broken bones, lacerations, and head injuries. This evidence, viewed in the light most favorable to the state was sufficient to establish appellant was guilty of aggravated vehicular assault.
 {¶ 42} Appellant's third assignment of error is without merit.
 {¶ 43} In his fourth assignment of error, appellant argues his convictions are against the manifest weight of the evidence. We disagree.
 {¶ 44} We may find a verdict is against the manifest weight of the evidence even though legally sufficient evidence supports it. State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 76. When we consider a manifest weight argument, we review the entire record, weigh the evidence and reasonable inferences, and consider the credibility of witnesses. Id. at ¶ 77. We then determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that we must reverse the conviction and order a new trial. Id. We exercise this discretionary power only in those exceptional cases where the evidence weighs heavily against conviction. Id.; see, also, State v. Thompkins (1997),78 Ohio St.3d 380, 387.
 {¶ 45} In this assignment of error, appellant again argues the evidence established Gordon ran a red light and caused the accident. In support of his argument, appellant points to the testimony of his accident reconstruction expert who concluded Gordon started braking in response to the traffic signal changing from yellow to red. Appellant also argues the state's witnesses support these conclusions.
 {¶ 46} We have reviewed the record, weighed the evidence and reasonable inferences, and considered the credibility of the witnesses. We concluded the jury did not lose its way and that the verdicts do not represent a manifest miscarriage of justice. The evidence established appellant turned left on a yellow light and struck Gordon's motorcycle as it crossed the intersection. Thus, the jury's verdicts are not against the manifest weight of the evidence.
 {¶ 47} Appellant's fourth assignment of error is without merit.
 {¶ 48} In his fifth assignment of error, appellant contends his sentences are constitutionally infirm under Blakely v.Washington (2004), 542 U.S. 296. Specifically, appellant contends R.C. 2929.14(B) and (C) are unconstitutional as they require the trial court to make certain factual findings before imposing more than the minimum or maximum sentences. The Ohio Supreme Court recently resolved this issue in appellant's favor in State v. Foster, ___ Ohio St.3d ___, 2006-Ohio-856, at paragraphs one and two of the syllabus. Therefore, appellant's fifth assignment of error has merit.
 {¶ 49} For the foregoing reasons appellant's first, second, third, and fourth assignments of error are without merit; appellant's fifth assignment of error has merit. The judgment of the Lake County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded for resentencing consistent with Foster.
Grendell, J., concurs.
O'Toole, J., concurs in judgment only.
[1] Art. IV, Section 5(B) of the Ohio Constitution provides in relevant part, "The supreme court shall prescribe rules governing practice and procedure in all courts of the state, which rules shall not abridge, enlarge, or modify any substantive right."