OPINION
{¶ 1} Appellant, James A. Cross, appeals the sentence imposed on him by the Lake County Court of Common Pleas. At issue is whether appellant's sentence was inconsistent with other sentences imposed on similarly situated criminal offenders and *Page 2 
whether it violated the ex post facto and due process provisions of the United States Constitution and the Ohio Constitution. For the reasons that follow, we affirm.
 {¶ 2} On the evening of May 16, 2003, appellant was driving his pick-up truck southbound on State Route 306 in Mentor, Ohio. Appellant attempted to make a left turn onto Ohio Street, and struck a northbound motorcycle operated by Thomas Gordon. Thomas' son Phillip Gordon was a passenger on the motorcycle. Thomas and Phillip were thrown off their motorcycle onto the road.
 {¶ 3} After striking the Gordons' motorcycle, appellant backed up his truck and then accelerated in a forward motion. Appellant plowed into the motorcycle a second time, pushing it forward, and pinning Thomas beneath it. The motorcycle also trapped Phillip. Appellant's truck dragged the Gordons across the pavement twenty-five to forty feet. Appellant's truck was on top of the motorcycle, pinning it and the victims underneath.
 {¶ 4} Officer Jonathon Miller of the Mentor Police Department arrived on the scene. He approached appellant who stated, "I'm the driver." Officer Miller asked appellant if he was injured and he said he was not. The officer noted appellant's speech was labored; his eyes were glassy; and he smelled of alcohol. Officer Miller asked him if he had been drinking and appellant said no. The officer escorted appellant to a nearby driveway to perform field sobriety tests. Officer Miller again asked him if he had been drinking and appellant admitted to having one beer. Appellant failed all three sobriety tests performed at the scene. Officer Miller then arrested appellant for driving under the influence of alcohol ("DUI"). *Page 3 
 {¶ 5} The Gordons were life-flighted to Metro Hospital in Cleveland. Each was in critical condition with multiple broken bones, lacerations, internal injuries, and head injuries. They incurred medical expenses for their injuries in excess of $323,000.
 {¶ 6} Appellant was indicted for aggravated vehicular assault in violation of R.C. 2903.08(A)(1), a felony of the third degree (Count 1); vehicular assault in violation of R.C. 2903.08(A)(2), a felony of the fourth degree (Count 2); aggravated vehicular assault in violation of R.C. 2903.08(A)(1), a felony of the third degree (Count 3); vehicular assault in violation of R.C. 2903.08(A)(2), a felony of the fourth degree (Count 4); and DUI in violation of R.C. 4511.19(A)(1), a misdemeanor of the first degree (Count 5).
 {¶ 7} The case was tried to a jury. On September 22, 2004, appellant was found guilty of all counts.
 {¶ 8} On November 5, 2004, the trial court conducted a sentencing hearing. Joyce Gordon, Tom Gordon's wife, testified concerning the extensive injuries sustained by her husband and son; their convalescence of over one year; Thomas' inability to work during that period; and the serious financial hardship suffered by the family as a result of appellant's crimes. The trial court sentenced appellant to five years on Counts 1 and 3, one year on Counts 2 and 4, and six months on Count 5, all sentences to run concurrent for a total of five years in prison. Appellant had faced a maximum of five years on Counts 1 and 3, eighteen months on Counts 2 and 4, and six months on Count 5, for a total of thirteen and one-half years in prison. *Page 4 
 {¶ 9} Appellant appealed his conviction and sentence in the case ofState v. Cross, 11th Dist. No. 2004-L-208, 2006-Ohio-1679. In that case appellant appealed the admission of the results of his field sobriety tests, the constitutionality of R.C. 4511.19(D)(4)(b), the officer's probable cause to arrest him, the sufficiency and weight of the evidence, and his sentence. We affirmed in part and reversed in part, and remanded the case for resentencing consistent with the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856.
 {¶ 10} Appellant was resentenced by the trial court on June 6, 2006. The parties stipulated to the evidence presented at the first sentencing hearing. While appellant said he felt remorse, he told the court he believed his previous sentence was "unfair" and asked to be released. The State asked the court to reimpose the original sentence. The court stated it considered the record, the pre-sentence report, the "similar" sentencing cases provided by appellant, and all new information and letters provided by appellant. The court stated it considered the overriding purposes of felony sentencing, including consistency in sentencing, under R.C. 2929.11, and balanced the seriousness and recidivism factors of R.C. 2929.12. The Court in Foster held that these sections must still be considered in every sentencing. Foster at ¶ 36-42. The court sentenced appellant to the same sentence: five years on Counts 1 and 3, one year on Counts 2 and 4, and six months on Count 5, all sentences to run concurrent for a total of five years in prison.
 {¶ 11} Appellant appeals the trial court's resentencing, asserting the following assignments of error: *Page 5 
 {¶ 12} "[1] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM PRISON TERM IN VIOLATION OF THE DUE PROCESS AND EX POST FACTO CLAUSES OF THE OHIO AND UNITED STATES CONSTITUTIONS.
 {¶ 13} "[2] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM PRISON TERM IN VIOLATION OF DEFENDANT-APPELLANT'S RIGHT TO DUE PROCESS.
 {¶ 14} "[3.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM PRISON TERM BASED ON THE OHIO SUPREME COURT'S SEVERANCE OF THE OFFENDING PROVISIONS UNDERFOSTER, WHICH WAS AN ACT IN VIOLATION OF THE PRINCIPLE OF SEPARATION OF POWERS.
 {¶ 15} "[4] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM PRISON TERM CONTRARY TO THE RULE OF LENITY.
 {¶ 16} "[5.] THE TRIAL COURT ERRED WHEN IT SENTENCED THE DEFENDANT-APPELLANT TO A MORE-THAN-THE-MINIMUM PRISON TERM CONTRARY TO THE INTENT OF THE OHIO LEGISLATORS.
 {¶ 17} "[6.] THE TRIAL COURT VIOLATED APPELLANT'S RIGHTS TO EQUAL PROTECTION AND DUE PROCESS OF LAW UNDER THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION AND UNDER *Page 6 
SECTIONS 2, 10 AND 16, ARTICLE I OF THE OHIO CONSTITUTION WHEN IT SENTENCED HIM CONTRARY TO R.C.2929.11(B)."
 {¶ 18} Collectively, appellant asserts in his first five assignments of error that his sentence is unconstitutional because he committed his crimes prior to the Ohio Supreme Court's decision in Foster, but was sentenced pursuant to the post-Foster version of R.C. 2929.14. This court has recently addressed appellant's exact arguments in the case ofState of Elswick, 11th Dist. No. 2006-L-075, 2006-Ohio-7011. InElswick, we held the verbatim assignments of error that are raised in this appeal to be without merit.
 {¶ 19} Based on the authority of Elswick, appellant's first five assignments of error are without merit.
 {¶ 20} In his sixth assignment of error, appellant argues that his equal protection and due process rights were violated by the trial court in that his sentence was inconsistent with other sentences imposed for the same offense in violation of R.C. 2929.11(B).
 {¶ 21} Prior to the Ohio Supreme Court's decision in Foster, supra, appellate courts reviewed felony sentences de novo, not disturbing the trial court's determination absent a finding, by clear and convincing evidence, that the record did not support the term at issue. See R.C.2953.08(G)(2). Pursuant to Foster, a trial court is vested with full discretion to impose a sentence within the statutory range. Id. at ¶ 7 of the syllabus. Therefore, post-Foster, we apply an abuse of discretion standard in reviewing a sentence within the statutory range. Id. at ¶ 99; see, State v. Slone, 2d Dist. Nos. 2005 *Page 7 
CA 79 and 2006 CA 75, 2007-Ohio-130, at ¶ 7; see, also, State v.Schweitzer, 3d Dist. No. 2-06-25, 2006-Ohio-6087, at ¶ 19; State v.Firouzmandi, 5th Dist. No. 2006-CA-41, 2006-Ohio-5823, at ¶ 37-40;State v. Windham, 9th Dist. No. 05CA0033, 2006-Ohio-1544, at ¶ 11-12. An abuse of discretion is more than an error in judgment or law; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Further, when applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. Ohio State Med. Bd., 66 Ohio St.3d 619, 621,1993-Ohio-122. To the extent that our holding concerning the standard of review is inconsistent with any previous decision of this court, such decision is modified to be consistent with our holding today.
 {¶ 22} Appellant was resentenced pursuant to Foster, supra. InFoster the Ohio Supreme Court held that two sections of Ohio's sentencing scheme must still be followed by trial courts in sentencing offenders. R.C. 2929.11 and R.C. 2929.12 apply as a general guide for every sentencing. The Court held that these two sections do not mandate judicial fact-finding; rather, a court is merely to "consider" the statutory factors set forth in these two sections prior to sentencing. Id. at ¶ 36-42.
 {¶ 23} R.C. 2929.11(A) provides that a trial court that sentences an offender for a felony conviction must be guided by the "overriding purposes of felony sentencing." Those purposes are "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(B) provides that a felony sentence must be reasonably calculated to achieve the purposes set forth under R.C.2929.11(A), *Page 8 
commensurate with and not demeaning to the seriousness of the crime and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders. Finally, R.C. 2929.12
sets forth factors concerning the seriousness of the offense and recidivism factors.
 {¶ 24} R.C. 2929.11(B) requires consistency when applying Ohio's sentencing guidelines. However, this court has held that sentencing consistency is not derived from the trial court's comparison of the current case to prior sentences for similar offenders and similar offenses. State v. Spellman, 160 Ohio App.3d 718, 2005-Ohio-2065, at ¶ 12. Rather, it is the trial court's proper application of the statutory sentencing guidelines that ensures consistency in sentencing.State v. Swiderski, 11th Dist. No. 2004-L-112, 2005-Ohio-6705, at ¶ 58. Thus, in order to show a sentence is inconsistent, a defendant must show the trial court failed to properly consider the statutory factors and guidelines.
 {¶ 25} Appellant's argument that consistency in a sentence is determined by a numerical comparison to other sentences for similar crimes lacks merit. Simply because appellant's sentence was not identical to sentences in other cases does not imply that his sentence was inconsistent with sentences of other similarly situated offenders.
 {¶ 26} Appellant was found guilty by a jury on two counts of aggravated vehicular assault, felonies of the third degree; two counts of vehicular assault, felonies of the fourth degree; and DUI, a misdemeanor of the first degree. Each count of aggravated vehicular assault exposed him to a five year sentence. Each count of vehicular assault *Page 9 
exposed him to an additional term of incarceration of eighteen months. The DUI offense also exposed him to an additional term of six months. The total exposure was thirteen and one-half years.
 {¶ 27} The court stated on the record that it considered the purposes of felony sentencing under R.C. 2929.11, including the requirement that sentences imposed be consistent. The court also considered the seriousness and recidivism factors of R.C. 2929.12.
 {¶ 28} Upon review of the record, we hold that appellant's sentence of five years on Count 1 and 3, one year on counts 2 and 4, and six months on Count 5 are within the statutory range of penalties for the offenses of which he was found guilty. Moreover, the trial court properly applied and considered the statutory sentencing factors before imposing appellant's sentence. The court's sentencing thus met the consistency requirement of R.C. 2929.11(B).
 {¶ 29} While we do not believe that a numerical comparison to other sentences is dispositive of the issue of consistency, we note that courts have imposed similar sentences for similar offenses. In State v.Leonard, 11th Dist. No. 2002-A-0073, 2003-Ohio-6226, the trial court imposed the maximum five-year prison term on the defendant's guilty plea to aggravated vehicular assault. In State v. Troyer, 9th Dist. No. 02 CA 0022, 2003-Ohio-536, following a guilty verdict, the trial court imposed a maximum sentence of five years on the charge of aggravated vehicular assault and six months on the DUI charge, to be served concurrently. InState v. Chike, 11th Dist. No. *Page 10 
2001-L-120, 2002-Ohio-6912, the court imposed a five year prison term for a guilty plea to aggravated vehicular assault.
 {¶ 30} Appellant's second assignment of error is without merit.
 {¶ 31} For the reasons stated in the Opinion of this court, the assignments of error are without merit, and it is the judgment and order of this court that the judgment of the Lake County Court of Common Pleas is affirmed.
DIANE V. GRENDELL, J., concurs,
COLLEEN MARY OTOOLE, J., concurs and concurs in judgment only with Concurring and Concurring in Judgment Only Opinion.