{¶ 45} I respectfully believe the majority misstates the standard of review in this case, post-Foster. I agree the sentencing review statute, R.C. 2953.08(G), continues to apply to sentencing challenges premised on inconsistency, pursuant to R.C. 2929.11(B), and the seriousness and recidivism factors, R.C. 2929.12. See, e.g., State v. Saxon,109 Ohio St.3d 176, 2006-Ohio-1245, at ¶ 4, fn. 1. Foster merely negated its applicability regarding the excised portions of the sentencing statutes; R.C. 2953.08(G) still controls our review of other sentencing issues on appeal.
 {¶ 46} I disagree that, pursuant to R.C. 2953.08(G)(2)(b), we apply a "clear and convincing" standard of review when an appellant asserts a sentence "is otherwise contrary to law." "Clear and convincing" is not a standard of appellate review: it is a standard of proof, describing evidence greater than a mere preponderance, sufficient to produce a firm conviction as to the facts sought to be established, but less than that *Page 13 
required to establish facts beyond a reasonable doubt. Cf. Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 47} R.C. 2953.08(G)(2) states, "The court hearing an appeal * * *shall review the record * * * [.]" (Emphasis added.) I believe the "clearly and convincingly" language in R.C. 2953.08(G)(2) applies to this mandatory review of the record. Pursuant to R.C. 2953.08(G)(2)(a), we "may increase, reduce, or otherwise modify a sentence," or vacate and remand it, if the record does not contain those findings required by certain unexcised portions of the sentencing statutes — for instance, R.C. 2929.13(B) or (D), or R.C. 2929.20(H). Pursuant to R.C.2953.08(G)(2)(b), we may also alter a sentence if we find, "clearly and convincingly," that it "is otherwise contrary to law." The most reasonable interpretation of this language is that appellate courts are required to apply the "clear and convincing" standard, when reviewing those portions of the record underpinning the error assigned. The question of whether a trial court utilized the appropriate statutes and standards when imposing a sentence seems to me a pure question of law, and thus, subject to de novo review.
 {¶ 48} I respectfully note this court seems to have changed its standard of review for sentencing appeals involving R.C. 2929.11 and R.C. 2929.12 several times, since the announcement of Foster. In some cases, it has applied an abuse of discretion standard. See, e.g.,State v. Cross, 11th Dist. No. 2006-L-135, 2007-Ohio-3847, at ¶ 20-21
(abuse of discretion applies to sentencing appeals based on R.C.2929.11(B)); State v. Anderson, 11th Dist. No. 2006-L-264,2007-Ohio-3849, at ¶ 9-11 (abuse of discretion applies when reviewing a trial court's application of the R.C. 2929.12 factors). The majority today seemingly announces a new standard, "clear and convincing." While *Page 14 
recognizing there is considerable room for debate on the issue, until we receive further guidance from the General Assembly and the Supreme Court of Ohio, I am concerned we are ignoring the purpose of the vital principal of stare decisis: predictability in the law. The Supreme Court has recently reminded us that stare decisis is particularly relevant when interpreting statutes. See, e.g., Shay v. Shay, 113 Ohio St.3d 172,2007-Ohio-1384, at ¶ 28.
 {¶ 49} Case law establishes that trial courts are not required to make any specific finding pursuant to R.C. 2929.11(B) or R.C. 2929.12.Green, supra, at ¶ 33-35. This does not relieve appellate courts of their duty to review the record in a sentencing appeal. R.C.2953.08(G)(2). In this case, the learned trial court stated in its judgment entry on resentencing it had "considered evidence presented by counsel, oral statements, any victim impact statement, the pre sentence report, and the [defendant's statement." Thus, in this sentencing challenge premised on R.C. 2929.11(B) and 2929.12, we must look at the record, especially those parts relied on by the trial court, in determining whether there is clear and convincing evidence indicating misapplication of the appropriate factors. See, e.g., State v.McDade, 6th Dist. Nos. OT-06-001 and OT-06-004, 2007-Ohio-749, at ¶42-55 [pursuant to R.C. 2953.08(G)(2), appellate court applies the clear and convincing evidentiary standard when considering challenges premised on R.C. 2929.12(B)].
 {¶ 50} I believe the record contains clear and convincing evidence that Mr. Greitzer is unlikely to commit future crimes: i.e., "genuine remorse." R.C. 2929.12(E)(5). *Page 15 
 {¶ 51} Mr. Greitzer was arrested, convicted, and sentenced for multiple drug trafficking offenses. The record indicates he allowed cocaine addiction virtually to destroy his life, and that of his family. While the charges for which he was eventually sentenced were pending, he was repeatedly arrested for further drug offenses. At his trial, he used lunch breaks to take cocaine. At the time of his original sentencing, in September 2003, Mr. Greitzer was out of control. The trial court could easily have imposed a more lengthy term of imprisonment than the six years it meted out.
 {¶ 52} The transcript and other evidence from the resentencing hearing, held in August 2006, indicate a remarkable change. Mr. Greitzer thanked the trial court for sentencing him to prison, admitting that imprisonment saved him from killing himself with drugs. Mr. Greizer's father testified he had refused to visit his son for almost a year following his imprisonment, due to his disgust with his son's conduct. His father found him a changed man.
 {¶ 53} Mr. Greitzer's former wife testified she cooperated with the authorities investigating him for drug trafficking. She testified to her fear of him, and that of their three children, when he was a drug addict. She had refused to testify on his behalf at trial. At the resentencing hearing, she spoke of the remarkable change her ex-husband's imprisonment had wrought in him, his faithful contact with their children during his imprisonment, and her desire to have him free to be a full time father again.
 {¶ 54} Mr. Greitzer's institutional summary report from prison was introduced into evidence at the resentencing hearing. It indicated he was a model inmate, with only one minor infraction in almost three years imprisonment. *Page 16 
 {¶ 55} I would hold there is clear and convincing evidence in the record the trial court erred in applying the recidivism factor set forth at R.C. 2929.12(E)(5) at Mr. Greitzer's resentencing.
 {¶ 56} Consequently, I respectfully dissent. *Page 1